# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Northern Division

| | | |
|---|---|---|
| CHARLES R. DORSEY, JR. <br> 144 Pine Cone Drive <br> Dover, Delaware 19901 | * <br> * | |
| Plaintiff, | * | |
| v. | * | |
| ANTHONY M. SALANDANAN, II <br> 152 Myrtle Avenue <br> Severn, Maryland 21144 | * <br> * | Civil Action No.: |
| and | * | |
| EAN HOLDINGS, LLC <br> 1209 Orange Street <br> Wilmington, Delaware 19801 | * <br> * | |
| Serve On: Resident Agent <br> The Corporation Trust, Inc. <br> 2405 York Road, Suite 201 <br> Lutherville Timonium, Maryland 21093 | * <br> * <br> * | |
| and | * | |
| INTERLUDE FURNITURE, LLC <br> 135 Warren Street <br> Christiansburg, Virginia 24073 | * <br> * | |
| Serve On: Resident Agent <br> C T Corporation System <br> 4701 Cox Road, Suite 2885 <br> Glen Allen, Virginia 23060 | * <br> * | |
| and | * | |
| JACKSON TRUCKING SERVICES, INC <br> 2301 Dorsey Road <br> Glen Burnie, Maryland 21061 | * <br> * | |
| Serve On: Resident Agent <br> Marek D. Jackson <br> 1916 Foxhound Court <br> Severn, Maryland 21144 | * <br> * <br> * | |

Defendants.

\*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Charles R. Dorsey, Jr., by and through his counsel, Steven H. Heisler, Esquire, and the Law Offices of Steven H. Heisler, and sues Defendants Anthony M. Salandanan, II, EAN Holding, LLC, Interlude Furniture, LLC and Jackson Trucking Services, Inc. and as causes of action states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332; as this case involves diversity of citizenship and the amount in controversy exceeds $75,000.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendant(s) maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

## PARTIES & VENUE

4. Plaintiff, Charles R. Dorsey (hereinafter referred to as "Dorsey"), is a resident of the State of Delaware.

5. Upon information and belief, Defendant, Anthony M. Salandanan, II (hereinafter referred to as "Salandanan"), is a resident of the State of Maryland.

6. Upon information and belief, Defendant, EAN Holdings, LLC (hereinafter referred to as "EAN"), is a Delaware corporation with its principal place of business in the Wilmington, Delaware.

7. Upon information and belief, Defendant, Interlude Furniture, LLC (hereinafter referred to as "Interlude"), is a Virginia corporation with its principal place of business in Christiansburg, Virginia.

8. Upon information and belief, Defendant, Jackson Trucking Services, Inc. (hereinafter referred to as "Jackson"), is a Maryland corporation with its principal place of business in Glen Burnie, Maryland.

9. The occurrence took place in Queen Anne's sCounty, Maryland.

10. Venue is proper in the United States District Court for the District of Maryland due to diversity jurisdiction.

## FACTS

11. On November 26, 2018, the Plaintiff, Dorsey was traveling as a passenger in a vehicle being operated by Paul G. Benton on Church Hill Road at or near its intersection with Union Church Road located in Queen Anne's County, Maryland.

12. At the same time, a motor vehicle owned by EAN Holdings, LLC and/or Interlude Furniture, LLC and/or Jackson Trucking Services, Inc. and operated by Defendant Salandanan, travelling behind Plaintiff's vehicle, suddenly and without warning collided in the rear of Plaintiff's vehicle which was traveling straight.

13. Plaintiff Dorsey sustained severe serious personal injuries.

## COUNT I- NEGLIGENCE
### (Anthony M. Salandanan, II)

14. Plaintiff hereby incorporate paragraphs No. 1 through 5 above of this Complaint fully as if the allegations were set forth fully herein.

15. That Defendant Salandanan, owed a duty to Plaintiff Dorsey, as well as all other motorists, passengers and pedestrians on or off the roadways to operate the vehicle in a lawful, careful and prudent manner, with that degree of care then and there required under the circumstances as they existed, and to operate the vehicle with that degree of care and skill which a reasonable and prudent person would exercise.

16. That Defendant Salandanan breached said duty owed to Plaintiff Dorsey, when the driver of the vehicle:

        A. Failed to keep safe and proper lookout for other vehicles;

        B. Failed to yield the right of way;

        C. Failed to maintain proper control of the vehicle;

        D. Failed to avoid the accident;

        E. Failed to drive in a safe and reasonable manner; and

        F. Was in other respects negligent, careless and reckless.

17. As a direct approximate cause of the negligence of Defendant Salandanan, Plaintiff suffered from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future and past medical and future medical expenses.

18. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Salandanan, and were incurred without contributory negligence or assumption of risk on the part of the Plaintiff, or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, the Plaintiff, Charles R. Dorsey, Jr., pray that judgment be entered against the Defendant, Anthony M. Salandanan, II, jointly and severally, for an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) in damages.

### Count II- NEGLIGENCE
### (EAN Holdings, LLC)

19. Plaintiffs incorporate paragraphs 1 through 18 as if fully set forth herein.

20. That at all relevant times herein, Defendant Salandanan, was operating a motor vehicle owned by the Defendant, EAN Holdings, LLC as its agent/servant/employee with EAN Holdings, LLC.

21. Defendant EAN had a duty to Plaintiff to act reasonably.

22. Defendant EAN breached that duty.

23. As a direct and proximate cause of the negligence of Defendant EAN, Plaintiff suffer from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

24. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant EAN and were incurred without contributory negligence or assumption of risk on the part of Plaintiff Dorsey, or an opportunity for Plaintiff to avoid the accident.

## Count III- NEGLIGENCE
### (EAN Holdings, LLC)

25. Plaintiffs incorporate paragraphs 1 through 24 as if fully set forth herein.

26. That at all relevant times herein, Defendant Salandanan, was operating a motor vehicle owned by the Defendant, Interlude Furniture, LLC as its agent/servant/employee with Interlude Furniture, LLC.

27. Defendant Interlude had a duty to Plaintiff to act reasonably.

28. Defendant Interlude breached that duty.

29. As a direct and proximate cause of the negligence of Defendant Interlude, Plaintiff suffer from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

30. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Interlude and were incurred without contributory

negligence or assumption of risk on the part of Plaintiff Dorsey, or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, the Plaintiff, Charles R. Dorsey, Jr., prays that judgment be entered against the Defendant Interlude Furniture, LLC, jointly and severally, for an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) in damages.

### Count IV - AGENCY
### (Interlude Furniture, LLC)

31. Plaintiffs hereby incorporates paragraphs No. 1 through 30 of this Complaint as if set forth fully herein.

32. The above described acts of Defendant Salandanan were committed while he was acting as an agent, servant and or employee of Defendant Interlude.

33. The above described acts of Defendant Salandanan were committed within the scope of his agency.

34. As the principals for Defendant Salandanan, Defendant Interlude is responsible for all of the acts committed by Defendant Salandanan within the scope of his agency.

WHEREFORE, the Plaintiff, Charles R. Dorsey, Jr., prays that judgment be entered against the Defendant Interlude Furniture, LLC, jointly and severally, for an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) in damages.

### Count V - NEGLIGENCE
### (Jackson Trucking Services, Inc.)

35. Plaintiffs incorporate paragraphs 1 through 34 as if fully set forth herein.

36. That at all relevant times herein, Defendant Salandanan, was operating a motor vehicle owned by the Defendant, Jackson Trucking Services, Inc. as its agent/servant/employee with Jackson Trucking Services, Inc.

37. Defendant Jackson had a duty to Plaintiff to act reasonably.

38. Defendant Jackson breached that duty.

39. As a direct and proximate cause of the negligence of Defendant Jackson, Plaintiff suffer from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

40. All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant Jackson and were incurred without contributory negligence or assumption of risk on the part of Plaintiff Dorsey, or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, the Plaintiff, Charles R. Dorsey, Jr., prays that judgment be entered against the Defendant Jackson Trucking Services, Inc., jointly and severally, for an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) in damages.

## Count VI - AGENCY
### (Jackson Trucking Services, Inc.)

41. Plaintiffs hereby incorporates paragraphs No. 1 through 40 of this Complaint as if set forth fully herein.

42. The above described acts of Defendant Salandanan were committed while he was acting as an agent, servant and or employee of Defendant Jackson Trucking Services, Inc.

43. The above described acts of Defendant Salandanan were committed within the scope of his agency.

44. As the principals for Defendant Salandanan, Defendant Jackson is responsible for all of the acts committed by Defendant Salandanan within the scope of his agency.

WHEREFORE, the Plaintiff, Charles R. Dorsey, Jr., prays that judgment be entered against the Defendant Jackson Trucking Services, Inc., jointly and severally, for an amount in excess of SEVENTY FIVE THOUSAND ($75,000.00) in damages.

Respectfully submitted,

/s/ *Steve Heisler*
Steven H. Heisler, Esquire
Attorney Code 08698
Law Office of Steven H. Heisler
1011 North Calvert Street
Baltimore, Maryland 21202
sheisler@injurylawyermd.com
(410) 625-4878 – Office
(410) 659-7111 – Facsimile
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| CHARLES R. DORSEY, JR.<br>144 Pine Cone Drive<br>Dover, Delaware 19901 | * <br> * | |
| Plaintiff, | * | |
| v. | * | |
| ANTHONY M. SALANDANAN, II<br>152 Myrtle Avenue<br>Severn, Maryland 21144 | *<br><br>* | Civil Action No.: |
| and | * | |
| EAN HOLDINGS, LLC<br>1209 Orange Street<br>Wilmington, Delaware 19801 | *<br><br>* | |
| Serve On: Resident Agent<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br><br>*<br><br>* | |
| and | | |
| | * | |
| INTERLUDE FURNITURE, LLC<br>135 Warren Street<br>Christiansburg, Virginia 24073 | *<br><br>* | |
| Serve On: Resident Agent<br>C T Corporation System<br>4701 Cox Road, Suite 2885<br>Glen Allen, Virginia 23060 | *<br><br>* | |
| and | * | |
| JACKSON TRUCKING SERVICES, INC<br>2301 Dorsey Road<br>Glen Burnie, Maryland 21061 | *<br><br>* | |
| Serve On: Resident Agent<br>Marek D. Jackson<br>1916 Foxhound Court<br>Severn, Maryland 21144 | *<br><br>*<br><br>* | |

|          |   |   |   | Defendants. |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|

                                                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **PLAINTIFF'S REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a jury trial in the within-entitled action.

                                                   Respectfully submitted,

                                                 */s/ Steve Heisler*  
                                               Steven H. Heisler, Esquire  
                                               Attorney Code 08698  
                                               Law Office of Steven H. Heisler  
                                               1011 North Calvert Street  
                                               Baltimore, Maryland 21202  
                                               sheisler@injurylawyermd.com  
                                               (410) 625-4878 – Office  
                                               (410) 659-7111 – Facsimile  
                                               *Counsel for Plaintiff*